IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDSON ALEJANDRO QUEJ PACAY<br>    a/k/a "Nery Pacay Quej"<br>    a/k/a "Alejandro Nerypacayquej,"<br>    a/k/a "Alejandro Edsonpacay,"<br>    a/k/a "Edson Alejandro Pacay,"<br>    a/k/a "Alejandro Edson Pacay,"<br>    a/k/a "Alejandro Pacay,"<br><br>            *Defendant.* | Criminal Case No. 1:17MJ522 |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Sean Dandridge, being duly sworn, depose and state:

### INTRODUCTION AND BACKGROUND

1. I am a Deportation Officer with the U.S. Immigration and Customs Enforcement ("ICE"). I have been employed with ICE since June 2009, and I am assigned to ICE's office in Lorton, Virginia.

2. As a Deportation Officer, my duties include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the United States Code and seeking, when applicable, prosecution and removal of violators. During my time with ICE, I have conducted numerous such investigations. I also have received training in general law enforcement, and specialized training in enforcing Title 8 of the United States Code.

1

3. I am authorized to execute warrants issued under the authority of the United States. I have received extensive training on criminal investigative techniques and criminal law, including the identification and development of probable cause to support the execution of arrest warrants, and I have participated in numerous search warrants, many of which involved violations of the Immigration and Nationality Act and Title 8 of the United States Code.

4. This affidavit is submitted in support of a criminal complaint charging **EDSON ALEJANDRO QUEJ PACAY** (also known as "Nery Pacay Quej," "Alejandro Nerypacayquej," "Alejandro Edsonpacay," "Edson Alejandro Pacay," "Alejandro Edson Pacay," and "Alejandro Pacay," hereafter referred to as **QUEJ PACAY**), with being found in the United States, after being denied admission, excluded, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, subsequent to a conviction for commission of a felony, in violation of Title 8, United States Code, Section 1326(a). This affidavit is also submitted in support of a corresponding arrest warrant.

5. The facts and information contained in this affidavit are based upon my training and experience, participation in immigration investigations, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. All observations not personally made by me were related to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during the course of this investigation. This affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the government.

## PROBABLE CAUSE

6. On or about October 2, 2017, ICE Deportation Officers, received a phone call from a confidential source, who indicated that **QUEJ PACAY** had returned to the United States after being removed and had been seen at a residence/building on Buck Road in Stafford, Virginia 22556. ICE Deportation Officers were familiar with **QUEJ PACAY's** criminal and immigration history, one of the officers involved in this arrest had participated in his arrest and deportation proceedings in July 2017 on Buck Road in Stafford, Virginia 22556. After the July 2017 arrest, ICE Deportation Officers turned him over to Stafford County Sheriff's Officers, where there were outstanding warrants for his arrest.

7. On or about October 25, 2017, ICE Deportation Officers witnessed three individuals departing a residence/building on Buck Road in Stafford, Virginia 22556, which is in the Eastern District of Virginia, and enter a white van. ICE Deportation Officers conducted a vehicle stop and as they approached the vehicle positive identification of **QUEJ PACAY** was made. Pursuant to an administrative arrest warrant, ICE Deportation Officers identified themselves as police and told **QUEJ PACAY** that he was under arrest. **QUEJ PACAY** was given verbal commands in Spanish and English to show his hands and exit the vehicle which he initially refused to follow. **QUEJ PACAY** eventually unlocked the vehicle door and ICE Deportation Officers physically removed **QUEJ PACAY** from the vehicle. During the arrest, **QUEJ PACAY** physically resisted arrest and several officers suffered bodily injuries including contusions and lacerations.

8. On or about October 25, 2017, **QUEJ PACAY's** fingerprints were taken by ICE deportation officers and submitted electronically to ICE databases containing fingerprint records of known and previously deported aliens. This system is integrated with the criminal records

maintained by the FBI. Results of this query showed positive matches to an FBI number and a Virginia State identification number that had been assigned to **QUEJ PACAY**.

9. On or about October 27, 2017, I conducted a review of documents from an immigration file in the name of **QUEJ PACAY** that is maintained by the U.S. Bureau of Citizenship and Immigration Services. The file, also known as an alien file (or "A-file"), contained immigration removal documents bearing **QUEJ PACAY**'s photograph, and what appeared to be **QUEJ PACAY**'s fingerprints and his signature. A review of this A-file also indicated the following information:

   a. **QUEJ PACAY**'s true and correct name is "Edson Alejandro Quej Pacay";

   b. He was born in Guatemala, is a citizen and national of Guatemala, and was twice previously removed / deported from the United States on or about July 11, 2008, through Chandler, Arizona, and on or about July 26, 2017, through Alexandria, Louisiana.

   c. He lacks any immigration benefit, document, or status that would allow him to enter, be admitted, pass through, or reside in the United States, and he has neither sought nor obtained permission from the Attorney General of the United States nor the Secretary of the Department of Homeland Security to reenter the United States following his removals in 2008 and 2017.

10. On or about October 27, 2017, I sent exhibits containing **QUEJ PACAY**'s fingerprints to the FBI Special Processing Center for comparison. These exhibits included executed immigration forms showing **QUEJ PACAY**'s removal and fingerprint cards taken from his A-file.

11. On or about October 27, 2017, the FBI responded that the fingerprints on the exhibits are an identical match to each other, to **QUEJ PACAY**, and to the FBI Universal Control Number assigned to **QUEJ PACAY**.

12. Based on the foregoing, I submit that there is probable cause to believe that on or about October 25, 2017, in Stafford, Virginia, within the Eastern District of Virginia, **QUEJ PACAY**, having been removed from the United States twice, on or about July 11, 2008 and July 26, 2017, was found in the United States without having obtained the express consent of the Attorney General or the Secretary of the Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Sean Dandridge
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to and subscribed before me
on this 15th day of November, 2017,
in Alexandria, Virginia.

_____/s/_____
Ivan D. Davis
United States Magistrate Judge

Reviewed by:

Allison Garnett, Special Assistant U.S. Attorney;
Raizza Ty, Assistant U.S. Attorney

5